IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 26-31092 (JPN) |
| ARTELLA SOLUTIONS, INC.,[1] | § | (CHAPTER 11) |
| | § | (Subchapter V) |
| | § | |
| DEBTOR. | § | |
| | § | |
| | § | |
| SEPAND MOSHIRI, | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | ADVERSARY NO. 26-03204 |
| | § | |
| ARTELLA SOLUTIONS, INC., | § | |
| | § | |
| Defendant. | § | |

MOSHIRI'S UNOPPOSED EMERGENCY MOTION TO EXTEND
PRELIMINARY PRETRIAL ORDER DEADLINES
[This instrument relates to Docket No. 2]

EMERGENCY RELIEF HAS BEEN REQUESTED. RELIEF IS
REQUESTED NOT LATER THAN JUNE 22, 2026.

THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT
YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY
CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF
YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE
A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU
MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE
DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE
WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT
FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED
WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE
MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST
ATTEND THE HEARING. UNLESS THE PARTIES AGREE
OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE
HEARING AND MAY DECIDE THE MOTION AT THE HEARING.

---

[1] EIN: xx-xxx8656.

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.**

TO THE HONORABLE JEFFREY P. NORMAN, U.S. BANKRUPTCY JUDGE:

Sepand Moshiri ("Moshiri"), a creditor and holder of unsecured claims against Artella Solutions, Inc. ("Artella" or the "Debtor") in the above-captioned bankruptcy case (the "Main Bankruptcy Case"), files this *Unopposed Emergency Motion to Extend Preliminary Pretrial Order Deadlines* (the "Motion"), and in support thereof, respectfully states as follows:

## I.     SUMMARY OF MOTION[2]

1.      On May 22, 2026, Moshiri filed the Complaint initiating the above-captioned Adversary Proceeding. Moshiri has not yet requested the issuance of a summons to the Debtor in this Adversary Proceeding nor has Moshiri served the Complaint on the Debtor. On May 26, 2026, the Court entered its *Preliminary Pretrial Order* [Docket No. 2] (the "Pretrial Order"), establishing certain deadlines attendant to this Adversary Proceeding, including the deadline by which Moshiri must serve the summons and Complaint on the Debtor. However, since the Complaint was filed, the parties mediated their issues and have reached a tentative settlement that is to be incorporated into the Debtor's putative amended plan. The Court required the Debtor to file its amended plan by no later than June 30, 2026. Given the parties' tentative settlement, and in order to avoid unnecessary costs and enhance judicial economy, Moshiri

---

[2] Certain undefined capitalized terms appearing in the Summary of Motion are defined later in the Motion. Also, all references herein to the "Bankruptcy Code" shall mean title 11 of the U.S. Code. Additionally, all references to the "Main Bankruptcy Case" shall refer to the above-captioned case pending before in this Court under Case No. 26-31092 (JPN).

requests that the deadlines set forth in the Pretrial Order be extended by at least ninety (90) days to allow time for the Debtor to file and seek confirmation of its amended plan.  Moshiri's undersigned counsel has conferred with counsel of record for the Debtor and Debtor's counsel indicated that the Debtor is not opposed to the relief requested in this Motion.

## II.      JURISDICTION AND VENUE

2.      This Court has jurisdiction over the subject matter of this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334, and General Order 2012-6 of the United States District Court for the Southern District of Texas.  The matters set forth herein are core proceedings pursuant to 28 U.S.C. § 157(b)(2)(A), (I), and (O).

3.      The statutory predicates for the relief requested in this Motion are Section 105(a) of the Bankruptcy Code and Rule 60(b) of the Federal Rules of Civil Procedure (the "Federal Rules"), made applicable herein pursuant to Rule 9024 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

4.      Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## III.      FACTUAL AND PROCEDURAL BACKGROUND

5.       On February 19, 2026 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Subchapter V of Chapter 11 of the Bankruptcy Code initiating the above-captioned Main Bankruptcy Case.  The Debtor remains in possession, operation, and management of its business and property as a debtor-in-possession pursuant to Section 1184 of the Bankruptcy Code.

6.      Prior to the Petition Date, in September 2018, Moshiri co-founded the Debtor and subsequently re-assumed the positions of President and CEO on or about October 18, 2021, at the request of the Debtor's Board of Directors (the "Board of Directors").  On October 5, 2022, Moshiri entered into a written employment agreement with the Debtor which set forth Moshiri's

title, salary, and compensation terms, which agreement was last amended in 2025. Moshiri was terminated from his positions with the Debtor in December 2025 with substantial amounts owed to him by the Debtor and its corporate parent and sole shareholder, CorMedica Group, Inc. ("CorMedica").

7.      On March 14, 2026, the Debtor filed its *Emergency Motion (I) to Incur Post-Petition Indebtedness under 11 U.S.C. §§ 363, 364(c) & (d), and 105, (II) Request for Preliminary Hearing Before March 19, 2026 and (III) Request for Final Hearing* [Main Bankruptcy Case, Docket No. 50] (the "DIP Motion"). The DIP Motion sought permission for the Debtor to obtain a DIP loan from Pulse Layer, Inc. ("Pulse Layer"), an entity controlled by the principal of certain of the Debtor's creditors and a member of the Debtor's Board of Directors.

8.      On March 18, 2026, Moshiri filed his *Objection* [Main Bankruptcy Case, Docket No. 59] to the DIP Motion.

9.      On March 24, 2026, the Court entered the *Interim Order Authorizing Debtor to Incur Post-Petition Indebtedness under 11 U.S.C. §§ 363, 364(c) & (d), and 105, and Setting Final Hearing* [Main Bankruptcy Case, Docket No. 79].

10.     On May 1, 2026, the Court entered its *Stipulation and Agreed Order* [Main Bankruptcy Case, Docket No. 112] authorizing Moshiri, the Debtor, and Pulse Layer, among others, to mediate with U.S. Bankruptcy Judge Marvin Isgur.

11.     On May 11, 2026, the Court entered its *Second Interim Order Authorizing Debtor to Incur Post-Petition Indebtedness under 11 U.S.C. §§ 363, 364(c) & (d), and 105, and Setting Final Hearing* [Main Bankruptcy Case, Docket No. 120].

12.     On May 20, 2026, the Debtor filed its *Plan of Liquidation Under Subchapter V of the Bankruptcy Code* [Main Bankruptcy Case, Docket No. 130] (the "Plan"), which called for the sale of substantially all of the Debtor's assets, with Pulse Layer to serve as stalking horse bidder.

13.     Also, on May 21, 2026, the Court entered its *Order Fixing Time to File Objections to Confirmation of Plan; and Fixing Time for Hearing on Confirmation of Sub V Plan* [Main Bankruptcy Case, Docket No. 131] (the "Confirmation Scheduling Order"). The Confirmation Scheduling Order set a hearing to consider confirmation of the Plan on June 26, 2026.

14.     Also on May 21, 2026, the Debtor filed its *Amended Plan of Liquidation Under Subchapter V of the Bankruptcy Code* [Main Bankruptcy Case, Docket No. 135] (the "Amended Plan").

15.     On May 22, 2026, the Debtor filed its *Emergency Motion to Continue Hearing on Confirmation* [Main Bankruptcy Case, Docket No. 137], which sought a hearing to consider confirmation of the Amended Plan on or about July 20, 2026 to coincide with the putative sale of the Debtor's assets.

16.      Also on May 22, 2026, the Court entered its *Order Setting Status Conference* [Main Bankruptcy Case, Docket 139], wherein the Court set a status conference hearing on June 5, 2026 to address concerns regarding the adequacy of disclosures regarding the mechanics of the Amended Plan, the proposed sale of the Debtor's assets, and the Debtor's qualifications to be a Subchapter V debtor.

17.     Also on May 22, 2026, Moshiri filed his *Original Complaint to Determine Dischargeability of Debt Pursuant to 11 U.S.C. § 523* [Docket No. 1] (the "Complaint") initiating this Adversary Proceeding.

18.     On May 26, 2026, the Court entered the Pretrial Order establishing, among other things: (i) June 25, 2026 as the deadline by which Moshiri must serve the summons and Complaint on the Debtor; and, (ii) July 27, 2026 at 11:00 A.M. as the time and date for a pretrial conference pursuant to Federal Rule 16, made applicable herein pursuant to Bankruptcy Rule 7016; and, (iii) July 26, 2026 at 11:00 A.M. as the deadline by which the parties must submit their joint report pursuant to Federal Rule 26(f), made applicable herein pursuant to Bankruptcy Rule 7026 (collectively, the "Pretrial Deadlines").

19.     On May 27, 2026, the parties mediated with U.S. Bankruptcy Judge Marvin Isgur. Upon the conclusion of mediation, the parties were able to reach a tentative settlement agreement that is to be incorporated into a further amended plan to be filed by the Debtor.

20.     On June 5, 2026, the Court conducted a status conference hearing and entered the: (i) *Third Interim Order Authorizing Debtor to Incur Post-Petition Indebtedness under 11 U.S.C. §§ 363, 364(c) & (d), and 105, and Setting Final Hearing* [Main Bankruptcy Case, Docket No. 158] which set a further hearing on the DIP Motion on July 6, 2026; and, (ii) *Status Conference Order* [Main Bankruptcy Case, Docket No. 159] (the "Status Conference Order"), which required the Debtor to file an amended plan by June 30, 2026.

## IV.     RELIEF REQUESTED AND GROUNDS THEREFOR

21.     Section 105(a) of the Bankruptcy Code affords the Court the authority to issue any order that is necessary or appropriate to carry out the provisions of the Bankruptcy Code. Additionally, Federal Rule 60(b)(6), made applicable herein pursuant to Bankruptcy Rule 9024, permits the Court to grant relief from its orders for any reason that justifies relief.  In the case at bar, Moshiri, the Debtor, and certain other parties in interest have reached a tentative mediated settlement, the terms of which are to be incorporated into the Debtor's amended plan.  The

mediated settlement agreement between the parties would resolve all claims between Moshiri, the Debtor, and the other parties to the mediated settlement agreement.

22.     On information and belief, the Debtor is currently working to prepare an amended plan that incorporates the mediated settlement agreement, but this will take some time.  To that end, based on the Debtor's representations at the June 5, 2026 status conference hearing, the Court entered the Status Conference Order, which provides the Debtor until June 30, 2026 to file its amended plan, with the presumption that the Court would consider confirmation of such amended plan toward the end of July 2026, or roughly sixty (60) days from now.  However, the Court's Pretrial Order requires Moshiri to satisfy certain of the Pretrial Deadlines in advance of June 30, 2026, and certainly prior to the likely date on which any amended plan is confirmed.

23.     Given the foregoing, and in order to preserve the parties' resources and enhance judicial economy, Moshiri requests the Court to extend or abate the Pretrial Deadlines, and all other deadlines in connection with this Adversary Proceeding, by at least ninety (90) days so as to: (i) provide the Debtor with sufficient time to file and achieve confirmation of an amended plan that incorporates the terms of the parties' mediated settlement agreement, and potentially obviate the need to prosecute this Adversary Proceeding; or, (ii) afford the parties with sufficient time to satisfy the Pretrial Deadlines and all other deadlines in connection with this Adversary Proceeding, or take other appropriate action, in the event that the Debtor fails to achieve confirmation of a plan that incorporates the terms of the parties' mediated settlement agreement by the end of July 2026.

### V.     BASIS FOR EMERGENCY CONSIDERATION AND RELIEF

24.     Emergency relief is appropriate here because the first of the Pretrial Deadlines is set to expire on June 25, 2026, which is less than twenty-one (21) days from now.  Requiring

Moshiri and the Debtor to comply with the Pretrial Deadlines while the mediated settlement agreement and plan remain pending would divert resources away from finalizing the settlement agreement and plan, which efforts may ultimately prove unnecessary if the plan is confirmed. As such, emergency consideration is not sought for delay, but rather so that justice may be served. Additionally, Debtor's counsel of record has represented to Moshiri's undersigned counsel that the Debtor does not oppose the relief requested in this Motion.

## VI.    RESERVATION OF RIGHTS

25.    Moshiri hereby reserves all rights in and under the Bankruptcy Code and applicable non-bankruptcy law, including, but not limited to, the right to amend or supplement this Motion based on any material changes in the representations made herein or based on any pleadings filed by the Debtor prior to any final hearing on this Emergency Motion, as the evidence then available may allow.

## VII.   PRAYER

Moshiri respectfully requests that the Court enter an order: (i) granting the relief requested in this Motion; (ii) extending or abating the Pretrial Deadlines, and all other deadlines attendant to this Adversary Proceeding, for at least ninety (90) days; and, (iii) granting Moshiri such other and further relief to which he may be justly entitled, both at law and in equity.

**DATED: June 9, 2026.**

[*The remainder of this page has been intentionally left blank*]

Respectfully submitted,

**WINSTEAD PC**

By: _____/s/ Sean B. Davis_____
Sean B. Davis
Texas Bar No. 24069583
S.D. Tex. No. 1048341
Tom Van Arsdel
Texas Bar No. 24008196
Ciara Perritano
Texas Bar No. 24096440
600 Travis Street, Suite 5200
Houston, Texas 77002
(713) 650-8400 (Telephone)
(713) 650-2400 (Facsimile)
E-mail: sbdavis@winstead.com
E-mail: tvanarsdel@winstead.com
E-mail: cperritano@winstead.com

**ATTORNEYS FOR SEPAND MOSHIRI**

**CERTIFICATE OF ACCURACY**

I hereby certify, pursuant to Bankruptcy Local Rule 9013-1(i), that the foregoing information is true and correct to the best of my knowledge.

_____/s/ Sean B. Davis_____
One of Counsel

**CERTIFICATE OF CONFERENCE**

I hereby certify that, on June 8, 2026, I conferred with counsel of record for the Debtor, Melissa Haselden, via e-mail, regarding the relief requested in this Motion. Ms. Haselden confirmed that the Debtor is unopposed to the relief requested in this Motion.

_____/s/ Sean B. Davis_____
One of Counsel

**CERTIFICATE OF SERVICE**

I hereby certify that, on June 9, 2026, a true and correct copy of the foregoing Motion was electronically mailed to the parties that are registered or otherwise entitled to receive electronic notices in this case pursuant to the Electronic Filing Procedures in this District.

_____/s/ Sean B. Davis_____
One of Counsel